33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gumaro VALDEZ-CORRAL, Defendant-Appellant.
 No. 92-50623.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 17, 1994.
 
 Appeal from the Decision of the United States District Court for the Central District of California; No. CR 88-00679-R, Manuel L. Real, District Judge, Presiding.
 C.D.Cal. [APPEALING AFTER REMAND FROM, 940 F.2d 1537.]
 REVERSED AND REMANDED.
 
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gumaro Valdez-Corral appeals his jury conviction, following this court's remand after reversal of the district court's denial of Valdez-Corral's motion to withdraw his guilty plea for conspiracy to possess cocaine with intent to distribute under 21 U.S.C. Secs. 846 and 841(a)(1). Valdez-Corral argues that (1) the district court erred in refusing to give an entrapment instruction in the second trial after giving the instruction in the first trial, and (2) the evidence relating to an underlying attempted possession charge should have been barred by collateral estoppel because Valdez-Corral had been acquitted of that charge in a prior trial which resulted in a mistrial as to the conspiracy charge. The government concedes that the conviction should be reversed because of the entrapment instruction issue. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and reverse and remand.
 
 I.
 
 4
 Valdez-Corral argues that the district court should have instructed the jury on entrapment on retrial after having instructed the jury on entrapment during the first trial. The question of what standard of review we should apply to this question is subject to conflicting precedent within our circuit. See, e.g., United States v. Sitton, 968 F.2d 947, 959 (9th Cir.) (describing conflict), cert. denied, 113 S.Ct. 478 (1992); United States v. Sotelo-Murillo, 887 F.2d 176, 179 (9th Cir.1989) (same). We do not reach this issue, however, as we conclude that regardless of what standard may be applicable, Valdez-Corral was entitled to an entrapment instruction.
 
 II.
 
 5
 A defendant is entitled to an entrapment instruction if he can present some evidence that a government agent induced him to commit a crime that he was not predisposed to commit. Sotelo-Murillo, 887 F.2d at 179. Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is "weak, insufficient, inconsistent, or of doubtful credibility." United States v. Becerra, 992 F.2d 960, 963 (9th Cir.1993) (quoting United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988)).
 
 
 6
 The government concedes that appellant was entitled to an entrapment instruction on retrial, and we agree. Appellant testified in the first trial and the trial court saw fit to give an entrapment instruction. Appellant's counsel represented to the trial court that appellant's testimony on retrial would be identical to his testimony in the first trial. It was erroneous for the trial court prior to the retrial in this situation to indicate that, if appellant's testimony were the same as his testimony in the first trial, the evidence would not support the giving of an entrapment instruction.
 
 
 7
 Nor does appellant's failure to testify on retrial in light of the trial court's denial of his entrapment instruction constitute a waiver of his ability to challenge the trial court's refusal to give an entrapment instruction on retrial on appeal. The government draws our attention to the U.S. Supreme Court's decision in Luce v. United States, 469 U.S. 38 (1984), which held that to raise and preserve for review a claim of improper impeachment with a prior conviction, a defendant must testify. The facts in the present case are unique for several reasons. First, the present situation deals with a retrial. Second, appellant specifically told the court that his testimony at the second trial would be no different from that at the first trial. The testimony was fully developed and subject to cross-examination. Moreover, the government admits that there was no reason to believe that appellant's testimony in the second trial would differ in any material way from the first trial. In this unique situation, Luce does not render appellant's failure to testify on retrial a waiver of his right to challenge the trial court's refusal to give an entrapment instruction on appeal.
 
 
 8
 We reverse and remand on the entrapment instruction issue. We do not reach the merits of the collateral estoppel issue, and we leave it for determination by the district court.
 
 
 9
 The judgment of the district court is REVERSED, and the cause is REMANDED for further proceedings consistent with this decision.